**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose ARECHIGA–RAMIREZ,**
**Defendant–Appellant.**

No. 05–10799.

United States Court of Appeals,
Ninth Circuit.

Submitted July 27, 2006.

Filed Aug. 8, 2006.

Craig S. Denney, Esq., USRE—Office of The U.S. Attorney, Reno, NV, for Plaintiff–Appellee.

Leah Wigren, Esq., Reno, NV, for Defendant–Appellant.

Before: MERRITT,* KLEINFELD, and PAEZ, Circuit Judges.

MEMORANDUM **

In *in camera* confidential informant interview cases, the district court must "balanc[e] the public interest in protecting the flow" of confidential information with a defendant's "right to prepare his defense," *Roviaro v. United States,* 353 U.S. 53, 62, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). The district court properly performed its balancing role in this case. After pleading guilty to methamphetamine drug offenses, 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), and 21 U.S.C. § 846, and receiving an 87 month sentence, defendant-appellant, Arechiga–Ramirez, argues on appeal that the district court erred when it conducted an *in camera* interview with the confidential informant in the case outside the presence of defense counsel, thereby preventing counsel from formulating an entrapment defense. Because defense counsel knew the name of the informant, the general circumstances of the case, the nature of the informant's plea agreement and debriefing reports, his criminal record, and the content of the informant's telephone conversations with defendant, counsel could have called the informant to the stand at trial if he had chosen to do so. The informant himself purchased the methamphetamine from defendant and was a witness to the entire transaction. Counsel had knowledge of tapes of telephone conversations with the informant in which the informant discussed the upcoming transaction and talked about the price and the purity of the drug. Based on the circumstances of the case, we find no error in the district court's handling of the proceedings surrounding the interview of the confidential informant.

Neither do we find any error in the 87 month sentence imposed by the district court, a sentence at the bottom of the applicable Guideline. The court was well aware of its discretion and the advisory nature of the Sentencing Guidelines. It addressed the factors set out in 18 U.S.C. § 3553(a).

**AFFIRMED.**

* The Honorable Gilbert S. Merritt, Senior Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.